### In the matter of the Estate of Matthaus Hempfling, Deceased.

### Andrew Hempfling, Executor, Appellee, v. Emily Hempfling et al., Appellants.

### Gen. No. 19,786.   (Not to be reported in full.)

Appeal from the Probate Court of Cook county; the Hon. CHARLES S. CUTTING, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 6, 1914.

### Statement of the Case.

Petition by Andrew Hempfling, executor of the last will and testament of Matthaus Hempfling, deceased, for an order to sell real estate to pay debts and the widow's award. From an order entered granting the prayer of the petition, Emily Hempfling and others appeal.

The following are the provisions of the will involved:

"First—That after all my just debts and funeral expenses are paid,—

I give, devise and bequeath to my wife, Emily Hempfling, my 'Real estate' and 'Bakery Business' at number 1701 West Erie street, in the city of Chicago and County of Cook and State of Illinois. Providing that said Emily Hempfling should get married again, or in the event of the death of said Emily Hempfling, my wife, the above mentioned real estate and bakery business shall be held in trust for my two children, Andrew Hempfling also Helen Hempfling, minors, who reside with my wife, Emily Hempfling, at number 1701 West Erie street, in the city of Chicago, County of Cook and State of Illinois, until they shall become of age, each to have share and share alike.

Second—I bequeath to my sister, Barbara Hempfling, residing in the city of Statsteinak, Bavaria, Europe, the sum of Five Hundred Dollars.

Third—I bequeath to the Catholic Church at the town of Hohenberg, Germany, the sum of Five Hundred Dollars.

Fourth—I bequeath to Alexian Brothers of Chicago, in the city of Chicago and County of Cook and State of Illinois, the sum of Five Hundred Dollars.

Fifth—I have set aside Five Hundred Dollars for all expenses incurred in my last illness and death, the same moneys as I have bequeathed above is deposited in the First National Bank, making a total of Two Thousand Dollars, and the said First National Bank is located at the northwest corner of Dearborn and Monroe streets in the city of Chicago and the State of Illinois.''

ARNOLD TRIPP, for appellant Emily Hempfling.

MANCHA BRUGGEMEYER, for appellee Andrew Hempfling.

FREDERICK MAYER, for appellee Catholic Church at Town of Hohenberg, Germany.

MR. JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1.  EXECUTORS AND ADMINISTRATORS, § 379*—*when personal property not primary fund for payment of debts.*  Ordinarily, personal property is the primary fund for the payment of debts and general legacies, unless a contrary intention appears in the will; but where from the whole will it appears by express language or necessary implication that a particular portion of the estate is to be the primary fund for the payment of debts, the remainder of the estate will be exonerated from the burden.

2.  WILLS, § 489*—*when construed as charging real estate with payment of debts.*  Where a will reads, "That after all my just debts and funeral expenses are paid, I give, devise and bequeath to my wife," certain real estate, and there are clauses following which dispose of all the testator's money in a bank, *held* it was clearly the intention of the testator to charge his real estate with the payment of debts, and that the Probate Court had power to order a sale of the realty to pay the debts and widow's awards though the personal estate was sufficient to pay the same.